(No. 37771.—

AMERICAN OIL COMPANY *et al.*, Appellees, *vs.* THE VILLAGE OF BARRINGTON, Appellant.

*Opinion filed September 27, 1963.*

THOMAS A. MATTHEWS and BYRON S. MATTHEWS, of Chicago, for appellant.

ROSS, HARDIES & O'KEEFE, and JOHN M. DALEY, both of Chicago, (RICHARD F. BABCOCK, R. MARLIN SMITH, and FRED P. BOSSELMAN, of counsel,) for appellees.

Mr. JUSTICE SOLFISBURG delivered the opinion of the court:

The appellees, American Oil Company, Louis Miller and Lydia Miller, filed an action in the circuit court of Cook County seeking a declaratory judgment that the zoning ordinance of the village of Barrington was invalid as applied to certain property owned by the Millers. The court entered

a judgment holding the ordinance invalid, and this direct appeal has been prosecuted by the village to review the judgment.

The property owned by the Millers is situated on the south side of Station Street, which runs east and west. It is improved with a two-story brick building containing an automobile tire shop and a barber shop on the ground floor and two apartments on the second floor. Immediately adjacent to the Miller property on the west, at the southeast corner of Station Street and Hough Street, is a service station owned by the plaintiff oil company. Both the Miller property and the service station were being used for their present purposes prior to the enactment of a comprehensive zoning ordinance in 1959, and under that ordinance both of these properties were zoned for limited retail use. The use to which the Miller property is now devoted is permitted under this classification, but service stations are not permitted, so that the station is presently a nonconforming use. The oil company and the Millers petitioned the village authorities for a change in the zoning to permit the expansion of the service station to cover the Miller property and the petition was denied by the village planning commission and the village board. The present action then was brought.

A determination of this case involves a consideration of the uses to which surrounding property is devoted and an analysis of this evidence in the light of the principles governing zoning restrictions. Immediately south of the plaintiff's service station, on Hough Street, there is another service station which takes up the remainder of the west side of the block in which the properties are located. Immediately to the east of the Miller property on Station Street, is a building which is used primarily for the storage of merchandise. Other uses in this block include a hardware store, a delicatessen and several multiple-family dwelling units. On the west side of Hough Street, facing the service stations, there is a two-family residence, a single-family residence,

the village hall, and a small restaurant. On the northwest corner of Hough and Station streets there is a store which had formerly been occupied by Jewel Tea Company, but which, at the time of the trial, had been vacant for over a year. To the north of the vacant store, on the west side of Hough Street, there is another store building which, at the time of the trial, was being occupied as campaign headquarters for a political party. On the north side of Station Street, across the street from the station and the Miller property, there is a police and fire station, an old house which, at the time of the trial, was about to be torn down for a parking lot, and several retail establishments.

In contrast to the uses surrounding the subject property, which are primarily of a nonretail nature, the evidence shows that the prime retail district is located along Main Street, which runs approximately parallel to Station Street, one block north. Along that street there are 34 retail uses within about two blocks. Twelve of these uses are contained in a new shopping center which was built by Jewel Tea Company after it vacated the store to which we have previously referred. There have been no new retail uses developed along either Hough or Station streets within the immediate vicinity of the properties with which we are presently concerned.

This review of the evidence makes it clear that, although the subject property is zoned for retail use, the uses in the block in which the property is located, together with uses in the immediate vicinity are largely of a nonretail nature and are nonconforming uses. While the existence of nonconforming uses does not automatically invalidate a zoning ordinance, the frequency and character of such uses may render a zoning classification invalid. (*Kupsik* v. *City of Chicago,* 25 Ill.2d 595.) The evidence also shows that the prime retail district of the village has been developed along Main Street to the north and that no new retail uses have been initiated in the immediate vicinity of the subject prop-

erty. In fact, one such use, the food store, abandoned its location near the Miller property and moved to a new location along Main Street. It is apparent that the trend of development of new retail business is away from the subject property, which is left at the fringe of the retail district. The undisputed testimony showed that the Miller property would be considerably more valuable if it were used for service station purposes, and while it is true that the mere fact that property would increase in value if used for other purposes does not invalidate a zoning ordinance, evidence of such increased value is a factor to be considered. In our opinion the evidence here establishes that the present zoning of the Miller property for retail uses is unreasonable and is invalid insofar as it prevents the expansion of the existing service station. The judgment of the circuit court of Cook County is therefore affirmed.

*Judgment affirmed.*